JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:21-cv-05154-MCS-GJS | Date  August 17, 2023 |
| Title  *Kederis v. CaremarkPCS Pa. Mail Pharm., L.L.C.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING ACTION (JS-6)**

The Court ordered counsel for "the parties to show cause why sanctions[] . . . should not be imposed for their violation of Rule 29(b) and the Order Re: Jury Trial. Fed. R. Civ. P. 37(b)(2)(A)." (OSC 1, ECF No. 60.) Along with a notice of settlement, (Notice of Settlement, ECF No. 61), the parties filed timely responses to the Court's order, (Malek Decl., ECF No. 62; Warren Decl., ECF No. 63).

Based on the parties' timely responses, the Court discharges the order to show cause and declines to issue sanctions. Indeed, the parties exchanged expert disclosures beyond the expert discovery cut-off of June 6, 2023 without prior Court approval, (Malek Decl. ¶ 5; Warren Decl. ¶ 5), which violates Rule 29(b) and the Court's scheduling order, Fed. R. Civ. P. 29(b) (requiring court approval for extensions of discovery deadlines); (Order Re: Jury Trial § I, ECF No. 48 (setting June 5, 2023 deadline)). The parties explain that they were amicably attempting to resolve this dispute without the need for court intervention. (Malek Decl. ¶ 6; Warren Decl. ¶ 6.) The Court accepts counsel's representation that they did not intend to violate the Court's orders or Rule 29(b). Rather, it appears that any violation thereof

is rooted in an innocent oversight and, therefore, the Court declines to issue sanctions.

And given the parties' notice of settlement, the Court orders that the action be dismissed without prejudice. All hearings and deadlines are vacated. The Court retains jurisdiction to vacate this Order and reopen the action within 45 days upon a request supported by a showing of good cause why the settlement cannot be completed within the 45-day period, explaining what further settlement processes are necessary and when the party or parties making the request reasonably expect the process to be concluded.

This Order does not preclude the filing of a stipulation of dismissal with prejudice, which does not require the approval of the Court. Fed. R. Civ. P. 41(a)(1)(A). Such a stipulation shall be filed within 45 days unless otherwise ordered by the Court pursuant to a stipulation of the parties supported by good cause.

**IT IS SO ORDERED.**